**Julianne WOODYER, a Canadian citizen, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 04–35338.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shane C. Carew, Esq., Seattle, WA, for Plaintiff–Appellant.

Jeanne M. Franken, Esq., Warren A. Schneider, Esq., U.S. Department of Justice, San Francisco, CA, for Defendant–Appellee.

Before: NOONAN, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Woodyer challenges the district court's judgment against her in this suit in admiralty against the United States Coast Guard. She argues that on April 17, 2000, she was injured when the Coast Guard twice rammed the Tiger, a boat she was on while monitoring and protesting a Makah whale hunt off the coast of the Olympic Peninsula, in Washington.

After a bench trial, the district court found that the government's actions were not negligent and did not cause the collisions, and that the Coast Guard's use of force was appropriate in defense of the whaling canoe and the vessels surrounding it from the threat posed by the Tiger. Woodyer was not operating the Tiger, but the court found that she was negligent because she was an active participant in that day's events and did nothing to repudiate the acts of the boat's operator.

■ Woodyer claims that the district court's findings of fact are clearly erroneous and should be reversed. This argument fails. The court's findings of fact are amply supported by the evidence, particularly the trial testimony and the numerous videos of the incidents (Woodyer's own video among them). Therefore, they must be upheld. *See Madeja v. Olympic Packers*, 310 F.3d 628, 634–35 (9th Cir.2002).

■ Woodyer's other contentions also fail. Radioing a boat as it approaches the 500–yard Moving Exclusionary Zone (MEZ) around a whaling canoe is not mandatory. The Coast Guard's Makah Whaling Protest Response Matrix states that, as a vessel approaches the MEZ, the Coast Guard "shall notify them by radio, loud hailer *or best available means.*" (emphasis added). The district court found that, hours before the collisions occurred, the Coast Guard warned the Tiger about the Regulated Navigation Area (RNA) and the MEZ, it told the Tiger in "clear and unambiguous terms" that it would be "taken off the water" if it violated the MEZ, and Woodyer and Moss, the Tiger's operator,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

argued with the officers and refused a copy of a chart showing the extent of the RNA. Despite those warnings, the Tiger approached the MEZ, and two Coast Guard boats tried to intercept it, yelling and waving at it. One of them performed several "S-turns" directly in front of it. In the circumstances of this case, these actions satisfy the "best available means" required. Woodyer's own video proves that both occupants of the Tiger were aware that the Coast Guard was following them and wanted the Tiger to stop.

Woodyer's claim that the Coast Guard violated its own policies regarding the use of deadly force by "shouldering" the Tiger also fails. Even if "shouldering" were deadly force, the Coast Guard Enforcement Manual allows the use of deadly force in cases of "defense of others," if there is "a reasonable belief of an imminent threat of death or serious bodily injury." The district court found, and the videos confirm, that the Coast Guard acted in defense of others. Therefore, even if the court's decision not to admit into evidence Sagapoletele's statement was in error, it would not merit reversal. *See Evanow v. M/V Neptune,* 163 F.3d 1108, 1113 (9th Cir.1998).

Finally, Woodyer's arguments trying to distance herself from Moss' actions also fail. Woodyer was more than a "mere passenger." In any event, even if Woodyer were an innocent bystander that day, her claims would lie against Moss, not the Coast Guard.

The district court's judgment for the United States is AFFIRMED.